(28-Misc. Rep. 591.)

PEOPLE ex rel. SPEIR v. TAX COMMISSIONERS OF CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. July, 1899.)

1. TAXATION—ASSESSMENT—REVIEW BY CERTIORARI.

Where tax commissioners assessed a taxpayer according to his sworn statement of property in his hands subject to taxation, he cannot. complain on a writ of certiorari to review the assessment, without having first applied to them to correct the same.

2. SAME—PETITION—FAILURE TO TRAVERSE.

The allegations of a petition for a writ of certiorari to review an assessment by the tax commissioners of the city of New York cannot be taken as true because they are not traversed by the return, since the tax law (Laws 1896, c. 908, § 250 et seq.) regulating the practice in such a case does not require it.

3. SAME—RETURN AS TRAVERSE OF PETITION.

A return to a writ of certiorari to review an assessment, which certifies that the statements of the petition to the effect that the assessment is erroneous or illegal by reason of any of the grounds specified therein are untrue, sufficiently traverses the petition, if that is necessary.

4. SAME—DISMISSAL FOR INSUFFICIENCY OF PETITION.

Certiorari to review an assessment will be dismissed where the petition does not show that the statutes for obtaining a revision by the tax commissioners were complied with, and an allegation that the relator duly protested, claimed, insisted, and demanded from the commissioners that all the personal property of the petitioner as executor was exempt, is not sufficient.

Certiorari on the relation of Gilbert M. Speir, as executor, etc., of Robert Ray Hamilton, deceased, against the tax commissioners of the city of New York, to review a personal tax assessment. Writ dismissed.

J. P. O'Connor, for relator.

John Whalen, Corp. Counsel (James M. Ward, of counsel), for respondents.

NASH, J.    Relator's counsel is mistaken in his supposition that this proceeding is regulated by chapter 269, Laws 1880.    That statute is repealed by the tax law (chapter 908, Laws 1896).    The allegations of the petition bring the proceeding within the provisions of the latter act, section 250 et seq. of which regulate the practice.    The petition sets forth that the petitioner is one of the executors of the will of Robert Ray Hamilton, deceased; that the petitioner has been assessed for the year 1898 on the valuation of the personal property belonging to the estate of the testator, which assessment was entered in the books of the respondents, and that the respondents "between the second Monday in January, 1898, and the 1st of May, 1898, did advertise in one or more newspapers" that the books were open for inspection and correction of valuations by persons considering themselves aggrieved; that prior to the 1st of May, 1898, the petitioner "duly protested, claimed, insisted, and demanded from" the respondents that all the personal property of the petitioner as executor was, on the second Monday of January, 1898, exempt from taxation or assessment, and that said assessment should be stricken from the roll upon the ground that it was, by the laws of the state of New York, exempt.    The petition does not state what facts were presented to the respondents showing the ground upon which the petitioner claimed such exemption.    The petition further states:    That the respondents have assessed to the petitioner, as executor, etc., a valuation upon personal property of $6,000, have completed their assessment rolls, and given notice that the same were filed with the municipal assembly, and would remain open to public inspection for a period of 15 days from the date of the notice, July 5, 1898.    The petition was verified July 14, 1898.    That the respondents were about to proceed to compute and estimate the amount of tax to be imposed upon the petitioner, preparatory to the delivery of the warrant for the collection thereof.    The petition specifies the grounds of illegality and error in the assessment, which are that the respondents have included in their valuation of the personal property of the petitioner as executor $9,500, being the amount of a legacy of $10,000, less $500 inheritance tax paid thereon, given to the city of New York by the testator for the erection of an ornamental fountain in one of the streets, squares, or public places in said city, which gift has been duly accepted, and the petitioner is waiting for a suitable location to be designated by the proper municipal authorities for the location and erection of said fountain.    The sum remaining in the hands of the petitioner representing this bequest is the property of the city, and, as such, exempt from taxation.    If the $6,000 assessed to the petitioner is part of that sum, the assessment is erroneous, and upon the fact being shown, and that upon due application the respondents neglected or refused to correct the assessment, the petitioner would be entitled to relief.    The difficulty with the case of the petitioner is that the fact that the $6,000 is part of the sum in his

hands representing the bequest does not appear, nor does it appear that the fact, if such it was, has been presented to the respondents upon an application to correct the roll. The return of the respondents states that the deputy tax commissioner assessed the personal property of the relator as executor for the year 1898 at the sum of $18,000; that the same was duly entered in the assessment books, which were kept open for examination and correction, as provided by law, from the second Monday of January, 1898, until the 1st day of May, 1898, and the fact duly advertised; that notice thereof was sent to the relator, who, within the prescribed time, made a written application to have the assessed valuation corrected, and filed in their office a statement in writing, a copy of which is annexed to the return. The notice to the relator appears to have been returned to the commissioners with an unverified affidavit written thereon at the foot of the notice, as follows: "P. $27,500 April 8, 1898. D. $21,500. I hereby swear that on the second Monday of January last the value of personal property (exclusive of bank shares) subject to taxation did not exceed $6,000. G. M. Speir, Executor," etc. The respondents return that thereupon they considered the application of the relator, and fixed the amount of the assessment at $6,000. The respondents having assessed the relator in accordance with his sworn statement as to the amount of personal property in his hands as executor subject to taxation, in the absence of some other or further application made to the respondents to correct the assessment, the petitioner cannot be heard now to complain. It is urged that the allegations of the petition that the relator duly protested, urged, claimed, insisted, and demanded from the commissioners that the personal property of the petitioner as executor be deemed exempt, must be taken as true, because there is no denial of these allegations in the return. Counsel must be regarded in error as to this. The statute does not require the officers making the return to traverse the allegations of the petition. They are only required to return the original assessment roll or other original papers acted on by them, or copies of such portions thereof as may be called for by the writ, and set forth such other facts as may be pertinent and material to show the value of the property assessed on the roll, and the grounds for the valuation made by the assessing officers. Section 252. The officers have set forth in their return the proceedings had before them, and certify that, with regard to the statements in the petition to the effect that the assessment is erroneous or illegal by reason of any of the grounds specified therein, the same and each and every of said statements is untrue. This expressly puts in issue the allegations of the petition, if it were necessary. But section 253 of the tax law in effect provides that the hearing shall be had upon the return, which is to be taken as true, unless it is made to appear that testimony is necessary for the proper disposition of the matter. The relator's counsel, in his brief, urges that, if the allegations of the petition are not regarded as admitted, then that the court should take evidence, if necessary, to review the action of the assessors. The petition does not disclose any proceedings had before the commissioners with regard to which it would be proper to order evidence

to be taken. The allegation that the relator duly protested, claimed, insisted, and demanded from the commissioners that all the personal property of the petitioner as executor was exempt, is not enough. Both the consolidation act (chapter 410, Laws 1882) and the tax law of 1896 require something more to entitle parties who deem themselves aggrieved to review assessments by certiorari. Section 820 of the consolidation act requires that upon an application made in relation to the assessed valuation of personal estate the applicant shall be examined under oath. Section 36 of the tax law requires the complainant to file with the assessors a statement under oath, specifying the respect in which the assessment complained of is incorrect. The provisions of neither statute in this regard having been complied with by the relator, this proceeding must be dismissed. It is unfortunate that this fund, given to the people of New York, should be depleted by taxes and costs, but there seems to be no help for it in this proceeding. The statute provides that, if the writ shall be quashed, or the prayer of the petition denied, costs shall be awarded against the petitioner. An order may be entered dismissing the writ, with $25 costs.

Writ dismissed, with $25 costs.